[Cite as *State v. Young*, 2026-Ohio-2603.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
FAIRFIELD COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>ERIC M. YOUNG, III,<br><br>    Defendant - Appellant | Case No. 2025 CA 00045<br><br>Opinion And Judgment Entry<br><br>Appeal from the Fairfield County Court of Common Pleas, Case No. 24 CR 583<br><br>Judgment:   Reversed and Remanded<br><br>Date of Judgment Entry: July 9, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** R. KYLE WITT, Prosecuting Attorney, MARK A. BALAZIK, Assistant Prosecuting Attorney, for Plaintiff-Appellee; COLIN E. PETERS, for Defendant-Appellant.


*Baldwin, J.*

{¶1}    The appellant, Eric M. Young, III, appeals his sentence following his plea in the Fairfield County Court of Common Pleas. The appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

{¶2}    On October 13, 2025, the appellant pleaded guilty to a Bill of Information charging him with one count of Involuntary Manslaughter in violation of R.C. 2903.04 with an attached three-year firearm specification pursuant to R.C. 2941.145(A). The parties entered into a jointly-recommended prison sentence of thirteen years, three years on the firearm specification and ten years on the Involuntary Manslaughter conviction, to be served consecutively. The parties further agreed that the appellant would receive two hundred ninety-

one days of jail credit and would not seek judicial release. In lieu of a transcript, the parties submitted an Agreed Statement of the Record on Appeal.

{¶3} The matter proceeded immediately to sentencing. The State argued that the ten-year prison term on the Involuntary Manslaughter conviction was required to be designated mandatory—meaning not subject to reduction mechanisms available under Chapter 2967 of the Revised Code—by virtue of the Supreme Court of Ohio's decision in *State v. Logan*, 2025-Ohio-1772. The appellant argued that *Logan* required only that a prison term be imposed on the underlying felony offense and did not further require that the term carry mandatory status. The trial court agreed with the State and imposed a mandatory minimum definite prison term of ten years for Involuntary Manslaughter, with an indefinite maximum term of fifteen years, consecutive to a mandatory three-year term for the firearm specification. The aggregate sentence was a mandatory minimum definite term of thirteen years and an aggregate maximum indefinite term of eighteen years.

{¶4} The appellant filed a timely notice of appeal and raised the following sole assignment of error:

{¶5} "I. THE MANDATORY ASPECT OF THE TRIAL COURT'S TEN-YEAR PRISON SENTENCE FOR INVOLUNTARY MANSLAUGHTER IS CONTRARY TO LAW."

## I.

{¶6} In his sole assignment of error, the appellant challenges the trial court's designation of the ten-year prison term for Involuntary Manslaughter as mandatory—meaning not subject to reduction under Chapter 2967 of the Revised Code. We agree.

## STANDARD OF REVIEW

{¶7} We review felony sentences under R.C. 2953.08(G)(2). An appellate court may vacate or modify a felony sentence only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under the enumerated statutes, or that the sentence is otherwise contrary to law. *State v. Marcum*, 2016-Ohio-1002, ¶23. Whether a trial court correctly applied a mandatory designation is a question of statutory interpretation, which this Court reviews de novo. *State v. Vanzandt*, 2015-Ohio-236, ¶6.

{¶8} The fundamental rule of statutory construction requires courts first to look to the plain language of the statute. *Jones v. Action Coupling & Equip., Inc.*, 2003-Ohio-1099, ¶12. When statutory language is plain and unambiguous and conveys a clear and definite meaning, a court must rely on what the General Assembly has said and apply the statute as written. *Id.* Courts must read statutes as a whole, giving effect to every word and clause, and must avoid any interpretation that renders a provision meaningless or superfluous. *State ex rel. Natl. Limes & Stone Co. v. Marion Cty. Bd. of Commrs.*, 2017-Ohio-8348, ¶¶14-16. Furthermore, statutes defining offenses or penalties must be strictly construed against the State and liberally construed in favor of the accused. R.C. 2901.04(A).

## ANALYSIS

{¶9} In questions of statutory interpretation, appellate review begins with the text of the relevant statutes. *Jones* at ¶12. R.C. 2929.13(F) provides in pertinent part that the trial court "shall impose a prison term or terms" and "shall not reduce the term or terms . . . for any of the following offenses." Subdivision (F)(8) then specifies:

(8) Any offense, other than a violation of section 2923.12 of the Revised Code, that is a felony, if the offender had a firearm on or about the offender's

person or under the offender's control while committing the felony, with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm.

{¶10} R.C. 2929.14(B)(1)(a) prescribes a mandatory prison term for the firearm specification itself. R.C. 2929.01(X)(1) defines "mandatory prison term" as, "[s]ubject to division (X)(2) of this section, the term in prison that must be imposed for the offense or circumstances set forth in divisions (F)(1) to (8) or (F)(12) to (21) of section 2929.13 and division (B) of section 2929.14 of the Revised Code."

{¶11} Recently, the Supreme Court of Ohio's decision in *State v. Logan*, 2025-Ohio-1772, addressed a certified conflict from the Eighth District Court of Appeals framed as follows: "Does R.C. 2929.13(F)(8) require a mandatory prison term and preclude the imposition of community-control sanctions on an underlying felony when a defendant is found guilty on a corresponding firearm specification?" *Id*. at ¶1. The trial court in *Logan* had imposed a prison sentence for the firearm specification and community control for the underlying felony. *Id*. at ¶¶5-6. Thus, the certified question, and the Court's answer, was directed at the threshold question of whether any prison term was required for the underlying felony at all, not at the further question of whether such a term, once imposed, is non-reducible through Chapter 2967.

{¶12} The Court's holding reflects this limited scope: "R.C. 2929.13(F)(8) requires a trial court to impose a prison sentence on an offender convicted of a felony offense that has a corresponding firearm specification." *Logan* at ¶25. That holding requires imprisonment. It says nothing about whether the required prison term is mandatory in the defined R.C. 2929.01(X)(1) sense—meaning not subject to reduction. The distinction between "must

impose a prison term" and "must impose a mandatory prison term not subject to reduction" is not semantic; it is the very distinction the General Assembly drew in R.C. 2929.15(A)(1), which separately identifies sentences in which "the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender." These are three distinct categories in the legislature's drafting.

{¶13}   The State argues that when *Logan's* holding—that R.C. 2929.13(F)(8) requires a prison term for the underlying felony—is read together with R.C. 2929.01(X)(1)'s definition of "mandatory prison term" as any term that must be imposed under R.C. 2929.13(F)(1) through (8), the underlying felony sentence is necessarily mandatory and not reducible. We understand the argument but find it cannot be reconciled with the full text of R.C. 2929.13(F)(8). That subdivision contains a limiting clause: the non-reduction mandate applies only "with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm." R.C. 2929.14(B)(1)(a) is the firearm specification provision. The General Assembly included similar limiting clauses in R.C. 2929.13(F)(9), (13), (14), and (18) through (22), consistently tying the non-reduction command to the specification portion of the sentence rather than to the underlying felony term. The State's reading assigns no meaning to those limiting clauses. If the underlying felony sentence is already mandatory by operation of the opening language of R.C. 2929.13(F) and R.C. 2929.01(X)(1), the clauses do nothing. The General Assembly does not write words for no reason.

{¶14}   Ohio courts are obligated to give effect to every word and clause of a statute and to avoid any interpretation that renders a provision meaningless or superfluous. *State ex rel. Natl. Limes & Stone Co. v. Marion Cty. Bd. of Commrs.*, 2017-Ohio-8348, ¶¶14-16. Under our

reading of R.C. 2929.13(F)(8), the limiting clause has independent, operative meaning: it confines the non-reduction mandate of R.C. 2929.13(F)(8) to the specification portion of the combined sentence, the prison term imposed under R.C. 2929.14(B)(1)(a) for having the firearm. The non-mandatory underlying felony term must be served as a prison sentence, consistent with *Logan*, but it remains subject to reduction mechanisms available under Chapter 2967. This interpretation preserves every word in the statute and gives the limiting clause the purpose for which it was written. Where two interpretations are available, one that preserves every provision and one that renders a clause superfluous, the former must prevail. *State ex rel. Natl. Limes & Stone Co. v. Marion Cty. Bd. of Commrs.*, 2017-Ohio-8348, ¶¶14-16.

{¶15} Shortly after *Logan*, the Supreme Court of Ohio decided *State v. Clinkscale*, 2025-Ohio-2043, a judicial-release case in which the defendant had pleaded guilty to a three-year firearm specification and multiple underlying counts for an aggregate fourteen-year sentence. *Id*. at ¶2. The sole question before the Court was whether jail-time credit reduces the required waiting period after the expiration of mandatory prison terms under R.C. 2929.20(C)(1). *Id*. at ¶6. In computing that waiting period the Supreme Court treated the firearm specification term as mandatory and the underlying felony sentences as non-mandatory, without comment or qualification, despite having decided *Logan* only weeks earlier. *Clinkscale* at ¶¶10-18. Although we do not suggest that *Clinkscale* implicitly adjudicated the question before us, we find the Court's silent treatment of the underlying sentences as non-mandatory consistent with the reading we adopt today.

{¶16} We therefore hold that R.C. 2929.13(F)(8) does not require that a prison term imposed on the underlying felony offense accompanying a firearm specification carry mandatory status precluding reduction mechanisms under Chapter 2967. Although *Logan*

requires that a prison term to be imposed for the underlying felony, it does not require that term be designated mandatory within the meaning of R.C. 2929.01(X)(1). The limiting clause, "with respect to a portion of the sentence imposed pursuant to division (B)(1)(a) of section 2929.14 of the Revised Code for having the firearm," confines the non-reduction mandate of R.C. 2929.13(F)(8) to the specification term. The underlying felony sentence, while required to be a prison term by *Logan*, is not thereby rendered mandatory.

{¶17} Therefore, we find that the trial court erred in concluding that R.C. 2929.13(F)(8) required it to designate the ten-year prison term for Involuntary Manslaughter as a mandatory term not subject to reduction under Chapter 2967.

{¶18} Accordingly, the appellant's assignment of error is sustained.

## CONCLUSION

{¶19} The judgment of the Fairfield County Court of Common Pleas is reversed. This matter is remanded for further proceedings consistent with this opinion.

{¶20} Costs to the appellee.

By: Baldwin, J.

King, P.J. and

Gormley, J. concur.